IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEROY JOSEY,<br>　　　　Plaintiff,<br><br>　　　　vs<br><br>JIM WHALEN and VIRGINIA WHALEN,<br>Owners of Golden Corral; and GOLDEN<br>CORRAL CORPORATION,<br>　　　　Defendants. | )<br>)<br>)<br>) Civil Action No. 08-1750<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM OPINION AND ORDER

MITCHELL, Magistrate Judge:

　　　　Presently before the Court is the defendants' motion to dismiss the complaint for failure to state a claim. For reasons discussed below, the defendants' motion to dismiss (Document No. 12) is granted.

　　　　The plaintiff, Leroy Josey, proceeding pro se, has filed a civil rights complaint against defendants Jim Whalen and Virginia Whalen, said to be the owners of the Golden Corral Buffet and Grill ("the restaurant"), and Golden Corral Corporation. The plaintiff has been granted leave to prosecute this action informa pauperis.

　　　　In his complaint, the plaintiff asserts that in December of 2008, after he was hired as a cook at the restaurant, defendant Jim Whalen discriminated against him because of his criminal record by not putting him on the restaurant's work schedule. The plaintiff contends that in not being provided with sufficient work hours, he was discriminated against in violation of

his constitutional and equal protection rights solely because of his criminal background.[1]

Although the complaint does not set forth the basis for the Court's jurisdiction, we are guided by the "JS-44 civil cover sheet" which the Clerk of Court supplied the plaintiff. Upon filling out the civil cover sheet, the plaintiff indicated that the nature of his suit involves a "civil rights" employment matter under § 1983, over which the Court has federal question jurisdiction.

In response to the complaint, the defendants have moved to dismiss to it pursuant to F.R.Civ.P. 12(b)(6), arguing that the civil rights complaint cannot lie, as they are not state actors. In reviewing a motion to dismiss, all well-pleaded allegations of the complaint must be accepted as true and viewed in a light most favorable to the non-movant. Estelle v. Gamble, 429 U.S. 97 (1976). A complaint will be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).

Liberally construing the plaintiff's allegations, as we must for pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we agree that the plaintiff's civil rights complaint, premised on 42 U.S.C. § 1983, fails to state a claim. Under 42 U.S.C. § 1983, liability is imposed on any person who, under color of state law, deprives another of any rights secured by the Constitution or the laws of the United States. Here, the complaint contains no allegations that the defendants acted under color of state law.

The United State Supreme Court has stated: "When Congress enacted § 1983 as

---

1. In his complaint, the plaintiff avers that in 1998, he was convicted of sexual assault and sentenced to 6.5 to 20 years in prison. He was incarcerated for eight years at S.C.I. Albion, and on February 20, 2006, he was paroled.

the statutory remedy for violations of the Constitution, it specified that the conduct at issue must have occurred under color of state law; thus liability attaches only to those wrongdoers who carry a badge of authority of a State and represent it in some capacity." NCAA v. Tarkanian, 488 U.S. 179, 191 (1988). To determine if private actors such as the defendants are subject to scrutiny under §1983, we must assess whether their alleged conduct can be "fairly attributable to the state." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

While there is no single or uniform test to determine if a private act may be attributable to the state, the Supreme Court has developed several frameworks for determining this question, which it has summarized as follows:

> [A] challenged activity may be state action when it results from the State's exercise of 'coercive power', Blum [v. Yaretsky, 457 U.S. 991, 1004 (1982)], when the State provides 'significant encouragement, either overt or covert, ibid, or when a private actor operates as a 'willful participant in joint activity with the State or its agents,' Lugar [supra, 457 U.S. at 941]. We have treated a nominally private entity as a state actor when it is controlled by an 'agency of the State', Pennsylvania v. Board of Directors of City Trusts of Philadelphia, 353 U.S. 230, 231 (1957) (per curiam), when it has been delegated a public function by the State, cf., e.g., West v. Atkins, [487 U.S. 42, 56 (1988); Edmonson v. Leesville Concrete Co., 500 U.S. 614, 627-628 (1991), when it is 'entwined with governmental policies' or when government is 'entwined in [its] management or control.' Evans v. Newton, 382 U.S. 296, 299, 301 (1966).

Brentwood Academy v. Tennessee Secondary School Athl. Ass'n., 531 U.S. 288, 296 (2001).

No such allegations of state action are set forth in the complaint, or the plaintiff's response to the defendants' motion to dismiss. Instead, the pleadings indicate that the defendants acted independently of the state or any state actors. Therefore, the complaint fails to state a claim

3

against the defendants.[2]

          An appropriate Order will be entered.

---

2. Even if the complaint could be construed as arising under Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), it would fail to state a cognizable claim. The plaintiff does not complain that he suffered an unlawful employment practice because of his race, color, religion, sex or national origin; neither does he claim to have exhausted his administrative remedies under Title VII.

O R D E R

AND NOW, this 15th day of May, 2009, for the reasons set forth in the Court's Memorandum Opinion and Order,

IT IS ORDERED that the defendants' motion to dismiss the complaint (Document No. 12) is granted.

The plaintiff is advised that pursuant to Rule 4(a)(1) F.R.App.P., if he desires to file an appeal he must do so within thirty (30) days of this date.

s/ ROBERT C. MITCHELL<br>United States Magistrate Judge